[Civ. No. 20828. Third Dist. Mar. 23, 1982.]

FARMERS INSURANCE GROUP, Plaintiff and Respondent, v. CHARLES KOBERG, Defendant and Appellant.

**COUNSEL**

Kenrick P. Torkelson and Torkelson & Van Hoosear for Defendant and Appellant.

Thomas A. Tweedy for Plaintiff and Respondent.

**OPINION**

**BLEASE, J.**—Defendant Charles Koberg appeals from a judgment declaring that he is not entitled to coverage under a policy of insurance issued to him by plaintiff Farmers Insurance Group (Farmers). We affirm the judgment.

## FACTS

Koberg suffered injuries as a passenger in a "dune buggy" when it overturned while driven by its owner, Allen Blankers,[1] across sand dunes at Pismo Beach, California.

Blankers purchased the dune buggy in 1975, and began using it in 1977. He registered it as an "off-road vehicle." It was constructed out of steel tubing with an engine, transmission and four seats. The passenger area was open with a roll bar across the top. It had headlights and taillights, but no fenders, exhaust system, or muffler. Blankers said that he purchased the vehicle for "recreational off-road use" and that it was his intent to use the vehicle only in off-road areas and not on freeways, public access roads or public streets. He drove the vehicle only on beaches and open desert areas and used a trailer to transport it from his house to such places.

Koberg looked to Farmers, his insurance carrier, for medical insurance coverage for his injuries. Farmers filed a declaratory relief action and moved for summary judgment, claiming the policy did not cover the dune buggy as an "off-road" vehicle. The trial court, without comment, granted the motion. This appeal followed.

## DISCUSSION

The Farmer's policy insures Koberg for necessary medical expenses arising out of an accident occurring "while occupying . . . a non-owned automobile" used "with the permission of the owner . . . ." "Automobile" is defined as "a four wheel land motor vehicle designed for use principally upon public roads . . . ."

■ The primary issue tendered is whether the dune buggy was an "automobile," as defined in the policy. Farmers argues that it was not because it was not equipped for use on public roadways, was registered for off-road use only and lacked proper equipment (exhaust system, muffler, fenders) for on-road use.

Koberg relies upon *Farmers Ins. Exchange v. Schepler* (1981) 115 Cal.App.3d 200 [171 Cal.Rptr. 230], in which the insured, Schepler, was sued for injuries sustained when a dune buggy which he owned and

---

[1]Blankers is not a party to the action.

was driving overturned, causing injury to his passengers. When Schepler looked to his insurer to defend and indemnify him in the personal injury action, the insurer sought declaratory relief that the policy definition of "automobile" excluded "dune buggies." The definition in Schepler's policy is identical to that contained in Koberg's policy.

The *Schepler* court construed the term "'designed for'" in the phrase "'designed for use principally upon public roads'" as follows: "One meaning of the term 'designed' is '[f]it, adapted, prepared, suitable, appropriate.' (Black's Law Dict. (4th ed. 1951) p. 534, col. 1.) However, that same source states another meaning, as follows: '[i]ntended, adapted, or designated.' (*Ibid.*) The phrase 'designed for' is commonly employed to designate the purpose for which an item of personal property is constructed." (*Farmers Ins. Exchange* v. *Schepler, supra*, 115 Cal.App.3d at p. 206.) Thus, while noting that Schepler's vehicle was at the time of the accident not qualified to operate on public roads, this did not preclude it as "designed" for such use. Instead, the court said that "'designed for'" means the "'chief or *principal purpose for which the vehicle was constructed*, and [that] *the purpose intended by the manufacturer is controlling*.'" (*Id.*, at p. 207; quoting *English* v. *Old American Insurance Company* (Mo. 1968) 426 S.W.2d 33, 39.)

Schepler had built the vehicle from a kit and other parts he obtained. He intended that the vehicle, when complete, be fully equipped and licensed as a street vehicle. With this goal in mind, he had installed on the vehicle several items which were unnecessary for off-road use, including street legal tires, headlights and taillights and intended to add a windshield, windshield wipers, horn, fenders, and workable brake and turn indicator lights, which were required for street use. (*Farmers Ins. Exchange* v. *Schepler, supra*, 115 Cal.App.3d at pp. 203-204.)

The court concluded the evidence supported a finding that Schepler "design[ed] the vehicle 'principally for use on public roads.'" And, "[i]n view of Schepler's intent, it was not unreasonable for him to expect that the policy covered his operation of the vehicle." (*Schepler*, at p. 209.)

The *Schepler* court properly focused upon the manufacturer's intent because the owner of the vehicle and holder of the policy was the manufacturer and his intent was also relevant to his expectations of policy coverage. But that test has no sensible application where, as here, the manufacturer is not the owner and the owner has formed and made effective his intent regarding the use of the vehicle. In these

circumstances, where the owner is not the manufacturer, a vehicle is "'designed for use principally on public roads'" when it is the intent of the owner that the vehicle be so used *and* the vehicle is adapted for such use.

The facts are undisputed that the owner of the dune buggy, Blankers, had no intent to use the vehicle for any purpose other than off-road use and that the vehicle was so registered, equipped and used. Since the dune buggy was exclusively intended by the owner and adapted for off-road use, it was not an "automobile" within the meaning of the Farmer's Insurance Group policy.[2]

The judgment is affirmed.[3]

Puglia, P. J., and Sparks, J., concurred.

---

[2]The court has considered Koberg's remaining arguments. They are without merit.

[3]Koberg has filed a motion entitled "Motion For Order That Brief Be Returned To Counsel For Correction Or That Brief Be Stricken," asserting references contained in plaintiff's opening brief on appeal are unsupported by the record. (See Cal. Rules of Court, rule 15(a).) We acknowledge the defects in plaintiff's brief and have chosen to ignore them. (See Cal. Rules of Court, rule 18.) We deny the motion.